Municipality of Humacao, Plaintiff-Appellant, v. Central Pasto Viejo, Defendant-Appellant.

No. 4193.   Argued May 19, 1927.—Decided December 24, 1927.

*González Fagundo & González Jr.* for the plaintiff-appellant. *Henry G. Molina* for the defendant-appellant.

Mr. Chief Justice del Toro delivered the opinon of the court.

The Municipality of Humacao petitioned the District Court of Humacao for an injunction against the Central Pasto Viejo, Inc.   It alleged that the said Central was laying a railroad track on one of the municipal roads without its permission and prejudicial to the community.

On the same day the municipality filed a "motion for a restraining order" based on the same facts and on the necessity of restraining the defendant pending the decision of the case.   The motion was granted immediately.   Some days later the municipality filed an amended complaint.

Further on there appears a ruling of the court of September 29, 1926, in which it is stated that "the case having been called for hearing on the petition for a preliminary injunction, both parties appeared in the judge's chambers." And also that "both parties having agreed, the court orders that the restraining order entered in the present case on Sep-

tember 2, 1926, remain in force in its original terms." The defendant was given ten days in which to answer the amended complaint. The answer, if filed, does not appear in the transcript of the record.

At this stage the municipality asked leave to file a supplementary complaint in order to show that after the filing of the original complaint the defendant had laid the railroad track on the road in question with the intention of running its engines and trains thereon; that the defendant had applied to the municipality for a permit to lay its rails on various municipal roads including the one involved in the litigation, and that such permission had been denied by the municipal assembly in a resolution of September 10, 1926, approved by the mayor three days thereafter.

Leave was granted and the supplementary complaint was filed and on October 1st, 1926, the municipality filed another "motion for a restraining order" based on the new facts alleged so that during the pendency of the action the defendant should be restrained from running its engines and trains on that road. The court sustained the motion and ordered the defendant to appear on the 2nd of the following November and show cause why the injunction prayed for should not be granted, enjoining it from committing in the meantime any act on the road in question.

On October 8, 1926, the defendant filed "a demurrer and answer to the supplementary complaint." It alleged that the said complaint did not state facts sufficient to constitute a cause of action, denied some of the allegations and admitted others, setting up as a special defense that by a unanimous vote on August 31, 1926, the municipal assembly granted it the necessary permit for the work done and later changed its mind due to the influence unduly brought to bear on its members by Antonio Roig, the owner of another central and of railroads in the same district.

The defendant filed also "a motion to revoke the restraining order on a security bond." Without hearing the plain-

tiff the court granted the motion and fixed the amount of the bond at five thousand dollars.

On November 2, 1926, the day, set by the court for the hearing, the defendant appeared and alleged as grounds for a denial of the "injunction prayed for by the plaintiff" . . . . that the supplementary complaint did not state sufficient facts; that the plaintiff had not made any motion for a preliminary injunction; that the motion for a restraining order did not state sufficient facts; that the necessity for a restraining order had not been shown by affidavits; that the defendant had a good and sufficient defense, as shown by its answer appearing in the record, and that it reproduced the facts alleged in its motion to revoke "the restraining order on a security bond" of October 8, 1926.

The court took the case under consideration and on the 17th of January, 1927, for the reasons stated in an opinion rendered to that effect, granted "the preliminary injunction prayed for" and enjoined the defendant from occupying or using the road pending a decision in the action.

On January 22, 1927, the defendant moved the court to vacate its order of January 17th for the reasons stated in the motion, and without hearing the plaintiff the court ordered that the preliminary injunction be stayed in execution because the defendant had furnished good and sufficient security which was approved on October 8, 1926.

From that order of the court of January 22, 1927, both parties have appealed, the plaintiff generally and the defendant on the refusal to vacate the order.

We shall consider first the appeal of the defendant. As deduced from its brief, it was not the intention of the defendant to appeal from the order of January 22nd. It was compelled to do so, it says, when the plaintiff appealed therefrom to this court. The said defendant would have been content with a stay of execution of the injunction pending a decision of the case on its merits.

The defendant did not appeal from the order granting

the injunction on January 17, 1927. It moved directly that the district court vacate it and it was from the order refusing impliedly to vacate that it took the present appeal.

The motion to vacate was made (a) because under the procedure established by the court, if the court should hold, as it did, against the defendant on the questions of law therein raised, a new hearing would be set for the production of the evidence on the facts and the case would not have been decided finally as was done by the court in its order of January 17, 1927, and (b) because in the opinion which served as a basis for the order of the court it is said that "the answer in the orders to show cause embraces only questions of law without denying the facts alleged by the plaintiff municipality in its motions for the restraining order, and this being so the facts on which the preliminary injunction is based must be admitted as true," and that statement is erroneous as shown by the pleadings.

The record is silent on the first point. The only thing shown is the averment of the defendant in its motion. The second arises from the same opinion which serves as a basis for the order granting the injunction. There is no doubt whatever that the court acted on the admission of the facts alleged by the plaintiff and not denied by the defendant.

It may be seen from the fifth and sixth defenses of the answer showing cause filed on November 2, 1926, that the answer already filed and the motion to vacate "the restraining order on furnishing bond" are made a part thereof. And an examination of those documents shows that the denials therein contained refer to facts alleged in the supplementary complaint. No denial appears of the facts set forth in the original amended complaint. The denials contained in the answer to the supplementary complaint are of such a nature as to leave standing the essential facts alleged by the municipality in its motion for an extension of the injunction.

Such being the case, it can not be maintained that the ground for the order appealed from is erroneous and therefore that this court is justified in holding that the motion to vacate should have been granted.

This disposes of the appeal taken by the defendant. Let us examine the appeal taken by the plaintiff. As we have stated, it refers only to the part of the order that stays the execution of the injunction.

The plaintiff-appellant contends that the court erred in practically dissolving the injunction granted without hearing it and based on a bond which already had no value.

Section 8 of the Injunctions Act, Comp. 1911, sec. 1361, says nothing about notice.

Corpus Juris condenses the jurisprudence on the matter as follows:

"Except as controlled by statute, the general rule is that an injunction will not be dissolved or modified on motion unless notice has been given to complainant, and this is so, although the injunction was obtained ex parte, in the absence of statute providing otherwise, or whether dissolution is effected by motion or by a counter injunction. However, it has been recognized in a number of decisions that in extreme cases an injunction may be dissolved without notice or hearing the complainant, as where delay will result in serious loss, and, in some cases, where the bill on its face shows a lack of equity, or where the motion is made in term and in open court." 32 C. J. 411.

The defendant admits that good practice requires that the motion be notified to the adverse party, but it maintains that its case is within the exception.

We have doubts as to whether the case of the defendant presents all the circumstances required by the exception, but in reality it emerges from the transcript so obscure that it seems that the district court was in a better position than we are to use its discretion and that we should not interfere with its decision.

In the brief of the plaintiff-appellant nothing is said about

why the bond relied on by the judge was of no value. This would be sufficient for not proceeding further with the matter. Notwithstanding this, we have examined the bond and perhaps the statement of the appellant was made on the ground that it was furnished for a certain purpose and can not be made extensive to another. However, the bond itself seems to have a wider scope. In any case, the plaintiff may move the district court to have it substituted or enlarged if so advised.

Therefore, both appeals must be dismissed.